# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKENSHAI TOWNS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al,<br><br>Defendants. | CIVIL ACTION<br>NO. 16-3584 |

## **MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                                            **January 10, 2018**

Before the Court is the Motion to Dismiss for Failure to State a Claim of Defendants, Commissioner Michael Resnick, Warden Terence Clark, Correctional Officer Akosala Wilson, Correctional Officer Jeffery Jacobson and the City of Philadelphia. (Docket No. 23). Plaintiff, Akenshai Towns, in custody at the time he filed this action at the Philadelphia Detention Center, alleges that he was subjected to physical threats, verbal harassment and an infestation of bugs, as well as was denied eating utensils by members of the staff. He claims that these actions all violate his constitutional rights and brings this action under 42 U.S.C. § 1983.

Plaintiff's motion to proceed *in forma pauperis* was granted on July 21, 2016. On August 12, 2016, Plaintiff filed an Amended Complaint, and on February 16, 2016, Defendants filed a Motion to Dismiss. On March 6, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint, and on April 28, 2017, this Court granted Plaintiff leave to file an Amended Complaint and denied Defendants' Motion to Dismiss. On May 22, 2017, Plaintiff filed his second Amended Complaint, and on May 26, 2017,

Defendants filed a second Motion to Dismiss. Plaintiff has failed to respond to the motion.

I. **STATEMENT OF FACTS**

Plaintiff filed a Second Amended Complaint, alleging that while in custody at the Philadelphia Detention Center, he was denied eating utensils and subjected to "verbal harassment, humiliation and also with a physical threat by Officer Jeffery Jacobson." (Second Am. Compl., ¶ 1.) He also alleges that Officer Jacobson brandished his mace while verbally threatening him, causing Plaintiff to remain in his cell for days. (*Id.*)

Plaintiff's Second Amended Complaint also alleges that on December 10, 2015, he complained about a bug infestation in a housing unit supervised by Officer Akosala Wilson. (*Id.*, ¶ 3.) Plaintiff alleges that Officer Wilson instructed Plaintiff to place "certain properties in bag for disposal and to place a bug sample into a bag to be taken to medical." *(Id.)* Plaintiff avers that Officer Wilson violated his rights by showing deliberate indifference to his serious medical condition when "she vacated her orders due to another officer's disagreement." (*Id.*)

Lastly, Plaintiff alleges that Commissioner Resnick, Warden Clark, the City of Philadelphia and the County of Philadelphia[1] were all aware of the alleged violations and failed to do anything to remedy the situation. (*Id.*, ¶ 4.) Plaintiff claims that Commissioner Resnick, Warden Clark and the City and County of Philadelphia created

---

[1] "The corporate entity known as the City of Philadelphia encompasses the territory of the County of Philadelphia." 53 Pa. Stat. Ann. § 16251. Plaintiff's claim exists, if at all, against the corporate entity." *Gueson v. Feldman*, 2002 WL 32308678, at *1 (E.D. Pa. Aug. 22, 2002), *aff'd sub nom. Gueson v. Sheppard*, 85 F. App'x 870 (3d Cir. 2003), *quoting Handy v. Goode*, 1992 WL 189446 (E.D.Pa. July 29, 1992). Therefore, Plaintiff's Complaint shall be read as alleging claims against the City of Philadelphia.

policy and/or custom allowing the illegal acts by granting correctional officers the ability and freedom to move an inmate, upon will, including into segregation without

supervisory oversight or process, and that the aforementioned defendants "failed to correct the misconduct and encouraged the continuation of the misconduct." (*Id.*, ¶¶ 4-5.)

II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

3

### III.  DISCUSSION

#### A. Failure to Respond

Plaintiff has failed to respond to the motion to dismiss filed by Defendants. Failure to make a timely response enables the court to treat the motion as uncontested. *Abbott v. Owens*, 1987 WL 16306, at *1 (E.D. Pa. Aug. 27, 1987) (*citing Move Organization v. City of Philadelphia*, 89 F.R.D. 521, 523 (E.D. Pa. 1981)). Further, there is no question that Plaintiff actually received a copy of the motion to dismiss, as the certificate of service states that the motion was served upon him at the Philadelphia Detention Center on May 26, 2016, and Plaintiff filed documents with the court on both June 12, 2017, and September 27, 2017, listing the Philadelphia Detention Center as his location.[2] Plaintiff's response was due in June of 2017, and as of the date of this opinion, he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions];" *see also Celestial Community Development Corp., Inc., v. City of Philadelphia*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010); *Nelson v. DeVry, Inc.*, 2009 WL 1213640 (E.D. Pa. April 23, 2009). Accordingly, Defendants' motion to dismiss is granted as unopposed. However, even if I were to consider the motion on its merits, I would nonetheless grant the motion and dismiss Plaintiff's Second Amended Complaint without prejudice.

---

[2] I note that on November 9, 2017, Plaintiff filed a Notice of Change of Address, noting that he is now being held at the George W. Hill Correctional Facility in Delaware County. (See Docket No. 28.)

### B. MERITS OF THE MOTION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

#### 1. Defendants Resnick and Clark

In the instant matter, Plaintiff names Commissioner Michael Resnick and Warden Terence Clark as defendants, but fails to include any allegations that Commissioner Resnick or Warden Clark were personally involved in the alleged deprivation of his constitutional rights. Plaintiff merely alleges in his Second Amended Complaint that these defendants were aware of the alleged violations and failed to do anything to fix the situation. (Second Am. Compl., ¶ 4.) Plaintiff has failed to include any allegations specific to the actions of Commissioner Resnick or Warden Clark. Plaintiff's lone conclusory statement that the defendants knew of the violations and did nothing to remedy them is insufficient to state a claim against Commissioner Resnick and Warden Clark under section 1983.

Further, to the extent these claims against Commissioner Resnick and Warden Clark are premised on the theory of *respondeat superior*, they are still improper and must be dismissed. *See Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 20113) (dismissing *pro se* claim against a warden because "liability under § 1983 cannot be premised on the theory of *respondeat superior*; instead, each individual must have personal involvement in the alleged wrongdoings.") (citations and quotations omitted). As Plaintiff's Second Amended Complaint contains no factual allegations of personal involvement directed against Commissioner Resnick or Warden Clark, I must dismiss Plaintiff's claims against these defendants. However, I will do so without prejudice and allow Plaintiff an opportunity to amend his pleading.

### 2. Defendant Jacobson

As to Defendant Jacobson, Plaintiff presents an excessive force claim, but fails to allege that Officer Jacobson used any force at all. To the contrary, Plaintiff's Second Amended Complaint merely alleges verbal humiliation and verbal abuse and "brandish[ing] his mace" on the part of Officer Jacobson. (Second Am. Compl., ¶ 1.) To succeed on a section 1983 claim for excessive force, Plaintiff must prove that the force "purposely or knowingly" used against him was "objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2468 (2015). Plaintiff fails to meet this standard, as he has not alleged the use of any force at all, let alone "objectively unreasonable" force. The "use of words generally cannot constitute an assault actionable under Section 1983. Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Dixon v. Co Blantant*, 2016 WL 3647970 (M.D. Pa., 2016).

Therefore, I must dismiss Plaintiff's claim against Officer Jacobson. I will do so without prejudice, however, and give Plaintiff one final chance to amend his pleading.

### 3. Defendant Wilson/Eighth Amendment Claims

Plaintiff alleges that he complained about a bug infestation in a housing unit supervised by Officer Wilson, and that Officer Wilson instructed Plaintiff to place "certain properties in bag for disposal and to place a bug sample into a bag to be taken to medical." (Second Am. Compl, ¶ 3) Plaintiff claims that Officer Wilson violated his rights by showing deliberate indifference to his serious medical condition when "she vacated her orders due to another officer's disagreement." (*Id.*)

Deliberate indifference must be alleged to prove a claim of cruel and unusual punishment under the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294 (1991). In order to demonstrate an Eighth Amendment deprivation, Plaintiff must establish "both an objective element – that the deprivation was sufficiently serious – and a subjective element – that a prison official acted with sufficiently culpable state of mind, i.e, deliberate indifference." *Simpson v. Horn*, 25 F. Supp.2d 563, 570 (E.D. Pa. 1998). Defendants claim that Plaintiff has failed to identify the conditions of his confinement that amount to a constitutional violation, i.e, the length of time he was exposed to bugs. *See Jones v. Clark*, 1986 WL 12412 at * 4 (E.D. Pa. 1986). Accordingly, I will grant Defendants' motion to dismiss on this Eighth Amendment claim, and allow Plaintiff to amend it to include more specificity as to his claim of cruel and unusual punishment. I encourage Plaintiff to set forth facts, if possible, alleging that the deprivation was serious and that the prison officials knew or should have known that he faced a substantial risk of harm.

### 4. City of Philadelphia

Lastly, Plaintiff alleges that the City "created policy and/or custom allowing the illegal acts by granting officers the ability and freedom to move an inmate upon will including into segregation without any Supervisory oversight or process." (Second Am. Compl., ¶ 4.) Plaintiff is attempting to plead a *Monell* claim for municipal liability, but has failed to plead "specific factual allegations referencing the conduct, time, place and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (*citing Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). It is insufficient for Plaintiff to "simply paraphrase" the elements of *Monell* liability with a series of conclusory allegations. *Wood v. Williams,* 568 F. App'x 100 (3d Cir. 2014); *Butler v. City of Phila.*, 2013 WL 5842709, at * 2 (E.D. Pa. Oct. 31, 2013) (stating that averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss.")

The allegations of moving an inmate from one location to another are insufficient to implicate any municipal policy or custom pursuant to *Monell*. Accordingly, Plaintiff's *Monell* claim shall be dismissed from his Second Amended Complaint without prejudice, and he may amend a final time with sufficient facts to allege *Monell* liability.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's second amended complaint will be granted. However, Plaintiff will be given one last final opportunity to file an amended complaint, as I am mindful of the fact that in civil rights cases, *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the

complaint is dismissed in its entirety. S*ee Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007). Accordingly, Plaintiff will be given one final opportunity to correct the deficiencies in his second amended complaint as to all Defendants, and I will dismiss this deficient complaint without prejudice. Plaintiff may file an amended complaint within thirty (30) days only if he can do so in compliance with the Federal Rules of Civil Procedure.