IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKENSHAI TOWNS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al, <br><br> Defendants. | CIVIL ACTION <br> NO. 16-3584 |

## **MEMORANDUM OPINION**

**Schmehl, J.**   **/s/ JLS**                                                                 **August 27, 2018**

Before the Court is the Motion to Dismiss for Failure to State a Claim of Defendants, Commissioner Michael Resnick, Warden Terence Clark, Correctional Officer Akosala Wilson, Correctional Officer Jeffery Jacobson and the City of Philadelphia. (Docket No. 33). Plaintiff, Akenshai Towns, in custody at the time he filed this action at the Philadelphia Detention Center, alleges that he was subjected to physical threats, verbal harassment and an infestation of bugs, as well as being housed in unsanitary conditions. He claims that these actions all violate his constitutional rights and brings this action under 42 U.S.C. § 1983.

Plaintiff's motion to proceed *in forma pauperis* was granted on July 21, 2016. On August 12, 2016, Plaintiff filed an Amended Complaint, and on February 16, 2016, Defendants filed a Motion to Dismiss. On March 6, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint, and on April 28, 2017, this Court granted Plaintiff leave to file an Amended Complaint and denied Defendants' Motion to Dismiss. On May 22, 2017, Plaintiff filed his second Amended Complaint, and on May 26, 2017, Defendants filed a second Motion to Dismiss. This motion was granted on January 10,

2018, and Plaintiff was given thirty (30) days to file a third amended complaint. Plaintiff was warned that this was his one final opportunity to correct the deficiencies in his second amended complaint as to all Defendants. Plaintiff filed his Third Amended Complaint on February 2, 2018, and Defendants then filed another Motion to Dismiss. For the reasons that follow, I will grant Defendants' motion and dismiss this matter with prejudice.

I. **STATEMENT OF FACTS**

Plaintiff filed a Third Amended Complaint, alleging that while in custody at the Philadelphia Detention Center, on December 10, 2015, he complained to Officer Wilson about a lice infestation in his cell. (3rd Am. Compl., p. 2.) Plaintiff alleges that Officer Wilson instructed Plaintiff to place a bug sample into a bag to be taken to medical to identify. *Id*. Plaintiff avers that due to a disagreement with other officers, the sample was not sent. *Id*. Plaintiff alleges that he was sent to the medical unit that same day, approximately 14 hours "after first alerting officers unknown. . . and Wilson . . . of the infestation." *Id.*

Plaintiff also alleges that on December 11, 2015, while in a new cell Officer Jacobson approached the door of his cell and made "credible threats of immediate harm to Plaintiff's health and safety and denied Plaintiff his right to be free from the terror of instant and unexpected torture at the hands of his bigoted custodian." (3rd Am. Compl., p. 3.) He also alleges that Officer Jacobson brandished his mace and threatened that if Plaintiff complained about his conditions he would "make them worse." *Id.*

Plaintiff also alleges that Commissioner Resnick and Warden Clark were aware of Jacobson's conduct and failed to take steps to address the problem. (3rd Am. Compl., p.

4.) Plaintiff fails to set forth how Resnick, Clark, Wilson or Jacobson were personally involved in his denial of medical care, hygiene items or other "basic human needs" in December of 2015.

Lastly, Plaintiff alleges that Resnick, Clark and the City of Philadelphia are responsible for all of the acts alleged in his complaint. *Id.*, at pp. 5-6. Plaintiff also alleges that the City failed "to train its officers to screen and recognize symptoms of fairly common social and communicable diseases." *Id.* at p. 6.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675,

3

679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

## III. DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

### 1. Defendants Resnick and Clark

In the instant matter, Plaintiff names Commissioner Michael Resnick and Warden Terence Clark as defendants, but again fails to include any allegations that Commissioner Resnick or Warden Clark were personally involved in the alleged deprivation of his constitutional rights. Plaintiff merely alleges in his Third Amended Complaint that these defendants were aware of the alleged violations and failed to do anything to fix the situation. (3rd Am. Compl., pp. 4-7.) Plaintiff has failed to include any allegations specific to the actions of Commissioner Resnick or Warden Clark. Plaintiff's lone conclusory statement that the defendants knew of the violations and did nothing to remedy them is

4

insufficient to state a claim against Commissioner Resnick and Warden Clark under section 1983.

Further, to the extent these claims against Commissioner Resnick and Warden Clark are premised on the theory of *respondeat superior*, they are still improper and must be dismissed. *See Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 20113) (dismissing *pro se* claim against a warden because "liability under § 1983 cannot be premised on the theory of *respondeat superior*; instead, each individual must have personal involvement in the alleged wrongdoings.") (citations and quotations omitted). As Plaintiff's Third Amended Complaint contains no factual allegations of personal involvement directed against Commissioner Resnick or Warden Clark, I must dismiss Plaintiff's claims against these defendants. As this is Plaintiff's third attempt to properly plead claims against Resnick and Clark and he is unable to do so, I will dismiss the claims against them with prejudice.

### 2. Defendant Jacobson

As to Defendant Jacobson, Plaintiff presents an excessive force claim, but fails to allege that Officer Jacobson used any force at all. To the contrary, Plaintiff's Third Amended Complaint merely alleges that Officer Jacobson made "credible threats of immediate harm to the Plaintiff's health and safety and denied Plaintiff his right to be free from the terror of instant and unexpected torture at the hands of his bigoted custodian," as well as brandished his mace. (3rd Am. Compl., p. 3.) To succeed on a section 1983 claim for excessive force, Plaintiff must prove that the force "purposely or knowingly" used against him was "objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2468 (2015). Plaintiff fails to meet this standard, as he has not alleged the

5

use of any force at all, let alone "objectively unreasonable" force. The "use of words generally cannot constitute an assault actionable under Section 1983. Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Dixon v. Co Blantant*, 2016 WL 3647970 (M.D. Pa., 2016). Therefore, I must dismiss Plaintiff's claim against Officer Jacobson. I will again do so with prejudice, as Plaintiff was given three chances to file a proper complaint against Jacobson and could not do so.

### 3. Defendant Wilson/Eighth Amendment Claims

Plaintiff alleges that he was exposed to an alleged lice infestation in his cell for approximately fourteen hours before being given medical treatment and a new cell.

Deliberate indifference must be alleged to prove a claim of cruel and unusual punishment under the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294 (1991). In order to demonstrate an Eighth Amendment deprivation, Plaintiff must establish "both an objective element – that the deprivation was sufficiently serious – and a subjective element – that a prison official acted with sufficiently culpable state of mind, i.e, deliberate indifference." *Simpson v. Horn*, 25 F. Supp.2d 563, 570 (E.D. Pa. 1998). The Third Circuit employs a "totality of circumstances" approach when assessing the conditions of confinement. *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 999 (3d Cir. 1983). A court must view the individual facts of each case, "including the length of time the inmate is exposed to the conditions at issue." *Jones v. Clark*, 1986 WL 12412 at *4 (E.D. Pa., 1986), citing *DiBuono*, 713 F.2d at 1000.

This condition of Plaintiff's confinement does not give rise to a constitutional violation. The Third Circuit found that an inmate who alleged an infestation of head and

body lice for 70 days had sufficiently pled a constitutional violation to survive a motion to dismiss. *Kost v. Kozakiewicz*, 1 F.3d 17 (3d Cir. 1993). Plaintiff admits that he was given medical treatment and a new cell within fourteen hours of his complaints, and that Officer Wilson took steps to address the issue when he informed her of the lice. Clearly, fourteen hours does not rise to the level of a constitutional violation. Further, Plaintiff alleges in his Third Amended Complaint that a nurse "determined that he never had lice of any kind." (3rd Am. Compl., p. 6.) Accordingly, Plaintiff has failed to state an Eighth Amendment claim against Officer Wilson, and this claim against her will be dismissed with prejudice.

As to the remainder of Plaintiff's conditions of confinement allegations, he fails to allege the personal involvement of Wilson, Jacobson, Resnick or Clark in any alleged wrongdoings. He merely states in conclusory fashion that "Defendants" denied him medical care, hygiene items, soap and toilet paper, two meals, a shower, recreation, phone calls, and "basic human needs" from December 11 to December 15, 2015. *Id.*, p. 4. However, he fails to plead the personal involvement of any Defendant in any of these allege deprivations. The Third Circuit has held that a §1983 complaint must include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). Plaintiff has failed to do so, and therefore, I will grant Defendants' motion to dismiss on this Eighth Amendment claim.

  **4. City of Philadelphia**

Lastly, Plaintiff alleges that the City "failed to train its officers to screen and

recognize symptoms of fairly common social and communicable diseases on inmate returning from writ before releasing them back into a sterile population." (3rd Am. Compl., p.6.) Plaintiff is attempting to plead a *Monell* claim for municipal liability, but has failed to plead "specific factual allegations referencing the conduct, time, place and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (*citing Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). It is insufficient for Plaintiff to "simply paraphrase" the elements of *Monell* liability with a series of conclusory allegations. *Wood v. Williams,* 568 F. App'x 100 (3d Cir. 2014); *Butler v. City of Phila.*, 2013 WL 5842709, at * 2 (E.D. Pa. Oct. 31, 2013) (stating that averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss.")

The allegations of failing to train are insufficient to implicate any municipal policy or custom pursuant to *Monell*. Accordingly, Plaintiff's *Monell* claim shall be dismissed from his Third Amended Complaint with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint will be granted. Although I am mindful of the fact that in civil rights cases, *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, s*ee Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007), Plaintiff had three opportunities to amend his complaint to set forth proper claims and has failed to do so. Accordingly, Plaintiff's Third Amended Complaint will be dismissed with prejudice and this case will be closed.